IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| KUATEZ DEMOND LEWIS, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 2:19cv217-WKW-SMD ) ) |
| STATE OF ALABAMA, | ) ) |
| Defendant. | ) ) ) |

# ORDER &
# RECOMMENDATION OF THE MAGISTRATE JUDGE

Plaintiff has filed a Complaint (Doc. 1) alleging that his Eighth Amendment rights have been violated because he has been charged with crimes "that never happened." He further states that he has been "incarcerated as a felony" and "charged as an adult" although two of the crimes that allegedly never happened he claims are misdemeanors. (Doc. 1) at 1. Plaintiff claims that this is "cruel and unusual," and requests that "all charges including convictions [be] dropped to a lesser included offense or dismissed." *Id*. at 1-2. Plaintiff states that these civil rights violations occurred on February 8, 2013. *Id*. at 1.

Contemporaneous with his Complaint, Plaintiff filed a Motion to Proceed *in forma Pauperis* (Doc. 2). Plaintiff amended his Motion (Doc. 8) upon order of the undersigned United States Magistrate Judge. After careful review of Plaintiff's Motion for Leave to Proceed *in forma pauperis* (Doc. 2) and Plaintiff's amended application thereto (Doc. 8), the undersigned concludes that Plaintiff's Motion is GRANTED. Therefore, the Complaint

is before the undersigned for screening pursuant to 28 U.S.C. § 1915(e). *See Troville v. Venz*, 303 F.3d 1256, 1260 (11th Cir. 2002) (applying § 1915(e) in non-prisoner action). That statute instructs the Court to dismiss any action wherein it is determined that an *in forma pauperis* applicant's suit is "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." § 1915(e)(2)(B)(i)-(iii).

A review of the sufficiency of Plaintiff's Complaint for purposes of § 1915(e)(2)(B)(ii) begins with analysis of whether the Complaint complies with the pleading standard applicable to all civil complaints in federal courts. *See Thompson v. Rundle*, 393 F. App'x 675, 678 (11th Cir. 2010) (citations omitted) ("A dismissal under § 1915(e)(2)(B)(ii) is governed by the same standard as dismissal under Federal Rule of Civil Procedure 12(b)(6). Dismissal for failure to state a claim is appropriate when the facts as pleaded do not state a claim for relief that is 'plausible' on its face."). Rule 8 of the Federal Rules of Civil Procedure requires that a plaintiff file a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). In general, then, a pleading is insufficient if it offers only mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action[.]" *Twombly*, 550 U.S. at 555; *see also Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557) (holding that a complaint does not suffice under Rule 8(a) "if it tenders 'naked assertion[s]'

2

devoid of 'further factual enhancement.'"). Thus, in order to satisfy Rule 8(a), Plaintiff's Complaint "'must contain sufficient factual matter, accepted as true, to 'state a claim for relief which is plausible on its face.'" *Urquilla-Diaz v. Kaplan Univ.*, 780 F.3d 1039, 1051 (11th Cir. 2015) (quoting *Iqbal*, 556 U.S. at 678). "A claim is factually plausible where the facts alleged permit the court to reasonably infer that the defendant's alleged misconduct was unlawful. Factual allegations that are '"'merely consistent with" a defendant's liability,' however, are not facially plausible." *Id.* (quoting *Iqbal*, 556 U.S. at 678).

As a general matter, "[i]n the case of a *pro se* action . . . the court should construe the complaint more liberally than it would formal pleadings drafted by lawyers." *Powell v. Lennon*, 914 F.2d 1459, 1463 (11th Cir. 1990). However, although courts must apply a "less stringent standard" to the pleadings submitted by a *pro se* plaintiff, such "'leniency does not give a court license to serve as de facto counsel for a party, or to rewrite an otherwise deficient pleading in order to sustain an action.'" *Campbell v. Air Jamaica Ltd.*, 760 F.3d 1165, 1168-69 (11th Cir. 2014) (quoting *GJR Invs., Inc. v. Cty. of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1998)). Accordingly, Plaintiff's Complaint, even if liberally construed, must minimally satisfy the dictates of Rule 8(a) of the Federal Rules of Civil Procedure in order to survive review under § 1915(e).

As an initial matter, the undersigned first observes that Plaintiff is not currently incarcerated. According to his amended application to proceed *in forma pauperis*, Plaintiff is employed by Popeye's. (Doc. 8) at 2. Thus, Plaintiff's claim, if any, relates to a previous confinement, not a current one. Therefore, Plaintiff's claim cannot be styled as habeas relief; instead, it must be construed as an action under 42 U.S.C. § 1983. As best the

undersigned can tell, then, Plaintiff alleges that it was cruel and unusual for him to be charged as an adult for crimes that did not occur but, even so, were misdemeanors and not felonies.

Plaintiff's claim faces several challenges. First, Plaintiff names the State of Alabama as Defendant, which he cannot do. "The Eleventh Amendment insulates a state from suit brought by individuals in federal court unless the state either consents to suit or waives its Eleventh Amendment immunity." *Stevens v. Gay*, 864 F.2d 113, 114 (11th Cir. 1989). Specifically, an unconsenting state is immune from lawsuits brought in federal court by the state's own citizens unless Congress has abrogated immunity or the state has waived its immunity. *Id.* (citations omitted). Neither the State of Alabama nor Congress has waived Eleventh Amendment immunity under § 1983. *Carr v. City of Florence, Ala.,* 916 F.2d 1521, 1524-25 (11th Cir. 1990)); *see also Alabama v. Pugh,* 438 U.S. 781, 782 (1978) (finding Article I, § 14, of the Alabama Constitution prohibits Alabama from giving its consent and therefore the State of Alabama was entitled to Eleventh Amendment immunity in a suit brought by inmates and/or former inmates of the Alabama prison system alleging that prison conditions constituted cruel and unusual punishment); *Lancaster v. Monroe Cty., Ala.,* 116 F.3d 1419, 1429 (11th Cir. 1997) (holding Alabama has not waived its Eleventh Amendment immunity); *Taylor v. Alabama,* 95 F. Supp. 2d 1297, 1310 (citing *Wright v. Butts,* 953 F. Supp. 1352, 1358 (M.D. Ala. 1996)) (same). The State's Eleventh Amendment immunity extends to state agencies as well, including the Department of Corrections. *See Pugh*, 438 U.S. at 782 ("There can be no doubt, however, that suit against the State and its Board of Corrections is barred by the Eleventh Amendment," absent

4

consent). Importantly, the State's immunity extends to all claims for relief, including damages and equitable relief. *Pennhurst State School & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984)); *see also Seminole Tribe of Fla. v. Florida*, 517 U.S. 44, 58 (1996) ("[W]e have often made it clear that the relief sought by a plaintiff suing a State is irrelevant to the question whether the suit is barred by the Eleventh Amendment."). Therefore, Plaintiff cannot sue the State of Alabama for its alleged wrongs. *Hall v. Alabama*, 2010 WL 582076, at *10 (M.D. Ala. Feb. 18, 2010). Further, the Supreme Court has clearly established that a State does not qualify as a "person" under § 1983. *Hafer v. Melo*, 502 U.S. 21, 22-23 (1991). Therefore, Plaintiff cannot state a § 1983 claim against the State of Alabama.

Second, it appears that Plaintiff's § 1983 claim, as construed, is time barred. Plaintiff asserts that his civil rights were violated on February 8, 2013. (Doc. 1) at 1. The statute of limitations for a § 1983 claim is generally the forum state's statute of limitations for personal injury. *Foudy v. Indian River Cty. Sheriff's Office*, 845 F.3d 1117, 1123 (11th Cir. 2017). In Alabama, the statute for personal injury is two years. Ala. Code § 6-2-38(1); *see also Parrish v. City of Opp, Ala.*, 898 F. Supp. 839, 842 (M.D. Ala. Aug. 2, 1995). Here, Plaintiff filed his Complaint in March 2019—more than six years after he alleges that his rights were violated. Importantly, in order to avoid being time-barred, a § 1983 claim based upon conduct that occurred in February 2013 must have been filed no later than February 2015, absent applicable tolling. The undersigned currently has no reason to believe that tolling should apply and, therefore, concludes that a § 1983 claim based upon conduct occurring in February 2013 is likely time barred and should be dismissed.

Further, even if Plaintiff could state a timely § 1983 claim against a proper defendant, the type of relief Plaintiff seeks is not within this Court's jurisdiction. Essentially, Plaintiff requests that the Court expunge and/or alter his state court criminal record. Importantly, there is no statutory authority granting this Court the general power to expunge the judicial record of a criminal case on purely equitable grounds. *United States v. Wahi*, 850 F.3d 296, 300 (11th Cir. 2017). Further, the Eleventh Circuit has held that expungement is not within the Court's ancillary jurisdiction, even when the underlying conviction on a federal charge has been vacated. *United States v. Adalikwu*, 757 F. App'x 909, 911-12 (11th Cir. 2018). Therefore, the relief Plaintiff seeks is not attainable regardless of his ability to state a claim within this Court's jurisdiction.[1]

For this reason, the undersigned

RECOMMENDS that Plaintiff's Complaint (Doc. 1) be DISMISSED.[2] It is further

ORDERED that the parties are DIRECTED to file any objections to the said Recommendation on or before **September 17, 2019**.  A party must specifically identify the

---

[1] To the extent that Plaintiff's seeks expungement of his state court criminal record, Plaintiff is advised that expungement would be a matter for the state court's determination, not the federal court's.

[2] The undersigned is recommending dismissal of the Complaint without first asking Plaintiff to amend. The undersigned believes requesting such amendment would be futile because of the State's immunity and this Court's inability to provide Plaintiff with the relief he seeks. Accordingly, the undersigned finds that leave to amend the Complaint is futile and should not be afforded in this instance. *See, e.g., Cornelius v. Bank of Am., NA*, 585 F. App'x 996, 1000 (11th Cir. 2014) ("While a pro se litigant generally must be given at least one opportunity to amend his complaint, a district judge need not allow an amendment where amendment would be futile.").

Furthermore, the opportunity to amend ordinarily contemplated by governing case law, *see Bank v. Pitt*, 928 F.2d 1108, 1112 (11th Cir. 1991), *overruled in part by Wagner v. Daewoo Heavy Indus. Am. Corp.*, 314 F.3d 541, 542 (11th Cir. 2002), is not inconsistent with the undersigned's recommendation of dismissal. Plaintiff will be permitted to file objections to the findings set forth in this Recommendation, and thus he is afforded the requisite opportunity to be heard about the deficiencies of the Complaint prior to dismissal.

factual findings and legal conclusions in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered. Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with the provisions of 28 U.S.C. § 636(b)(1) shall bar a party from a *de novo* determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11th Cir. R. 3-1; *see Stein v. Lanning Secs., Inc.*, 667 F.2d 33 (11th Cir. 1982); s*ee also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (*en banc*). The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Done this 3rd day of September, 2019.

/s/ Stephen M. Doyle
UNITED STATES MAGISTRATE JUDGE